\*\* NOT FOR PRINTED PUBLICATION \*\*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| MICROSOFT CORP., | § § § | |
| *Plaintiff*, | § § | Civil Action No. 1:09CV987 |
| v. | § § | |
| REICH CRUZ, an individual d/b/a THE COMPUTER SHOP a/k/a mycomputerlady.net; and REICH CRUZ, an individual, | § § § § § § | JUDGE RON CLARK |
| *Defendants*. | § | |

**ORDER GRANTING DEFAULT JUDGMENT**

Plaintiff Microsoft Corp. filed suit against Defendants Reich Cruz, an individual d/b/a The Computer Shop, a/k/a mycomputerlady.net; and Reich Cruz, an individual, claiming willful copyright and trademark infringement stemming from Defendants' unauthorized distribution of computer software covered by Plaintiff's copyrights and bearing its registered trademarks or imitations thereof. Although it does not request separate damages for these claims, Plaintiff also alleges unfair competition under federal—15 U.S.C. § 1125—and state law. Defendants were served with process on December 2, 2009, and have not filed an answer or otherwise appeared. The Clerk made an entry of default on January 4, 2010 at Plaintiff's request [Doc. # 12]. Now before the court is Plaintiff's Motion for Entry of Default Judgment [Doc. # 13].

Plaintiff has provided evidence that Defendants are not in military service, incompetent, or infants; it has detailed a specific amount of damages; and shown the need for a permanent

injunction.  The court concludes that the motion should be granted, and that Plaintiff should be awarded its reasonable costs and attorney fees for this suit.

## I. Background

Plaintiff allege that Defendants willfully distribute software that infringes eight trademarks[1] and nine copyrights[2] held by Plaintiff, despite Plaintiff's prior written warning that Defendants refrain from doing so.  It seeks statutory damages for copyright and trademark infringement—without a willfulness enhancement, although it requests a finding in the Final Judgment that the infringement was willful—a permanent injunction, attorney fees, and costs for this suit.

## II. Standard of Review

Securing a default judgment is a three-step procedure involving the Defendant's default, entry of default, and a default judgment.  *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).  A "default" occurs when the Defendant does not plead or otherwise respond to the complaint, and an entry of default is the notation the Clerk makes after the default is established

---

[1]The eight trademarks registrations at issue in this suit are: (1) 1,200,236 ("MICROSOFT"); (2) 1,256,083 ("MICROSOFT"); (3) 1,872,264 ("WINDOWS"); (4) 2,744,843 (COLORED FLAG DESIGN); (5) 1,475,795 ("POWERPOINT"); (6) 1,741,086 ("MICROSOFT ACCESS"); (7) 2,188,125 ("OUTLOOK"); and (8) 2,999,281 (COLOR FOUR SQUARE LOGO).  For purposes of calculating statutory damages, Plaintiff seeks damages per counterfeit mark.  Since "MICROSOFT" is registered twice—under two different classifications of goods—it seeks damages only once for these marks.  While Plaintiff seeks statutory damages for only seven marks, it requests injunctive relief as to all eight marks.

[2]These nine copyrights are as follows: (1) TX 5-407-055 ("Windows XP Professional"); (2) TX 5-837-617 ("Office 2003 Professional"); (3) TX 5-837-636 ("Office Excel 2003"); (4) TX 5-900-087 ("Office Outlook 2003"); (5) TX 5-852-649 ("Office PowerPoint 2003"); (6) TX 5-837-618 ("Publisher 2003"); (7) TX 5-900-088 ("Office Word 2003"); (8) TX 5-877-513 ("Business Contact Manager for Outlook 2003"); and (9) TX 5-901-713 ("Access 2003"). Plaintiff seeks statutory damages and injunctive relief as to all nine copyrights.

by affidavit.  *Id.*  The entry of default cuts off the Defendant's right to appear in the case with respect to liability issues.  *See Greyhound Exhibit group, Inc. v. E.L.U.L. Rlty. Corp.*, 973 F.2d 155, 160 (2nd Cir. 1992).

After the entry of default by the Clerk, a party may seek a default judgment from the court.  Fed. R. Civ. P. 55(b)(2).  Prior to the entry of any default judgment, the Plaintiff must include a sworn statement detailing whether the defendant currently serves in the military.  *See* 50 U.S.C. app. § 521(b)(1).  Moreover, a default judgment should not be entered against an infant or incompetent person who is not represented in the action by a guardian, or other representative.  Fed. R. Civ. P. 55(b)(2).

### III. Analysis

Defendant has not made any responsive pleading in this case, and is in default.  The Clerk made a notation of entry of default on January 4, 2010.  Plaintiff submitted an affidavit stating that it has no reason to believe Defendant to be in the military service, an infant, or an incompetent person.  Pl. Mot. Def. J., Ex. C, ¶ 2 [Doc. # 13].  The court is satisfied that a default judgment may be entered at this time.

A.      <u>Claim for Money Damages</u>

      1.      *Whether Plaintiff can recover statutory damages under both the Copyright and Lanham Acts*

Plaintiff correctly states that there is some case law for the proposition that recovering a separate award of statutory damages under both the Copyright and Lanham Acts for both copyright and trademark infringement is permissible, even if it occurred by a single act.[3]  At the

---

[3]*See, e.g., Nintendo of Am., Inc. v. Dragon Pacific Int'l*, 40 F.3d 1007, 1011 (9th Cir. 1994) (although upholding an award for both *statutory* damages under the Copyright Act and

same time, other courts have found recovery under both Acts to be an impermissible double recovery.[4]

While Plaintiff points to, and the court has found, no Fifth Circuit case that speaks directly to this issue, the court has explained at length the difference between these different property rights:

> A trademark is a property right which is acquired by use . . . It differs substantially from a copyright, in both its legal genesis and its scope of federal protection. The legal cornerstone for the protection of copyrights is Article I, section 8, clause 8 of the Constitution. In the case of a copyright, an individual creates a unique design and, because the Constitutional fathers saw fit to encourage creativity, he can secure a copyright for his creation for a period of 28 years, renewable once [the Copyright Act has since been amended, altering the length of the copyright term]. After the expiration of the copyright, his creation becomes part of the public domain. In the case of a trademark, however, the process is reversed. An individual selects a word or design that might otherwise be in the public domain to represent his business or product. If that word or design comes to symbolize his product or business in the public mind, the individual acquires a property right in the mark. The acquisition of such a right through use represents the passage of a word or design out of the public domain into the protective ambits of trademark law. Under the provisions of the Lanham Act, the owner of a mark acquires a protectable property interest in his mark through registration and time.

---

*actual* damages under the Lanham Act, nevertheless stating that the violation "may have been one act, but it was two wrongs," and that "it is clear enough that, when a defendant violates both the Copyright Act and the Lanham Act, an award of both types of damages is appropriate."); *Microsoft Corp. v. McGee*, 490 F. Supp. 2d 874, 881 (S.D. Ohio 2007); *Microsoft Corp. v. Sellers*, 411 F. Supp. 2d 913, 921 (E.D. Tenn. 2006); *Microsoft Corp. v. Black Cat Computer Wholesale, Inc.*, 269 F. Supp. 2d 118, 123-24 (W.D.N.Y. 2002); *Microsoft Corp. v. Tierra Computer, Inc.*, 184 F. Supp. 2d 1329, 1331 (N.D. Ga. 2001); *Microsoft Corp. v. Compusource Distributors, Inc.*, 115 F. Supp. 2d 800, 811 (E.D. Mi. 2000); *Microsoft Corp. v. Logical Choice Computers, Inc.*, 2001 WL 58950 at *11 (N.D. Ill. Jan. 22, 2001).

[4]*See, e.g., Microsoft Corp. v. Computer Care Ctr., Inc.*, 2008 WL 4179653 at *8-10 (E.D.N.Y. Sept. 10, 2008) (declining to permit statutory award under both Acts and awarding statutory damages under the Copyright Act only).

*Boston Prof'l Hockey Ass'n, Inc. v. Dallas Cap & Emblem Mfg., Inc.*, 510 F.2d 1004, 1014 (5th Cir. 1975). In other words, although their protection may overlap, copyright and trademarks are two distinct property rights.

Plaintiff's software products enjoy copyright and trademark protection. Defendants violate both property rights when they distribute the software without permission, and Plaintiff is entitled to separate statutory damages for each.

    2.    *Copyright infringement*

Plaintiff seeks to recover statutory copyright infringement damages of $270,000, or $30,000 for violation of each of its nine copyrights. Under 17 U.S.C. § 504(c) "the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action." The minimum amount for statutory damages is $750, and the maximum is $30,000. *Id.* Under Section 504(c)(2), the court has the discretion to increase the award of statutory damages to $150,000 if the infringement is willful. Although Plaintiff alleges that the infringement was willful, it does not seek a willfulness enhancement.

Plaintiff argues that the maximum award of $30,000 per copyright is appropriate under the facts of this case. After receiving a report that Defendants may have distributed illegal Microsoft software, it sent a letter via email to Defendants informing them that such conduct constituted an infringement of Microsoft copyrights and trademarks on September 28, 2009. Pl. Mot. Def. J., Ex. 1 to Ex. A. A representative of Plaintiff, Ms. Rose Deka, called Defendants to confirm receipt of the letter and to discuss the consequence of further distribution. *Id.*, Ex. B, at ¶ 2. Subsequently, in October 2009, Defendants distributed computer systems with infringing

Microsoft software to Plaintiff's investigator. Plaintiff contends that the infringement was not an isolated incident, but part of a continuous and ongoing business practice which violations Microsoft copyrights.

Based on the record and Plaintiff's arguments, the court concludes that the requested amount of $270,000 for violation of nine Microsoft copyrights is warranted. Plaintiff's copyrighted software is all but ubiquitous in the market. Developing these products, and the reputation they enjoy, was a costly endeavor. The strength of, and investment in, Plaintiff's copyrights is reflected in the choice of $30,000, the maximum statutory penalty, per violation. No hearing is necessary to determine the amount of damages. *See James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993) (where the amount of the judgment can be reliably computed from the record, a default judgment can be entered without a hearing); *Ortiz-Gonzales v. Fonovisa*, 277 F.3d 59, 63-64 (1st Cir. 2002) ("Discretion as to the judgment or the need for a hearing on damages is vested with the district court.").

    *3.*    *Trademark infringement*

Plaintiff also seeks to recover statutory trademark infringement damages of $700,000, or $100,000 for violation of seven of its trademarks. Under 15 U.S.C. § 1117(c),

> [i]n a case involving the use of a counterfeit mark . . .in connection with the sale, offering for sale, or distribution of goods or services, the plaintiff may elect, at any time before final judgment is rendered by the trial court, to recover, instead of actual damages and profits . . . an award of statutory damages for any such use . . . in the amount of – (1) no less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just . . . .

The court has the discretion under Section 1117(c)(2) to increase the award to $2,000,000 per mark if the use was willful. Again, although Plaintiff alleges that the infringement was willful, it does not seek a willfulness enhancement.

Plaintiff argues that an award of $100,000 per trademark is appropriate under the facts of this case. Based on the record and Plaintiff's arguments, the court concludes that the requested amount of $700,000 total for violation of seven Microsoft trademarks is warranted. Again, no hearing is necessary to determine the amount of damages.

B.   Claim for Permanent Injunction

Plaintiff asks the court to issue a permanent injunction against Defendants to prevent them from continuing to distribute software which violates Microsoft copyrights and trademarks. In copyright cases, 17 U.S.C. § 502(a) authorizes a court to issue an injunction on such terms as it may deem reasonable to prevent or restrain infringement of a copyright; *see also* 15 U.S.C. § 1116(a).

In order to demonstrate entitlement to permanent injunctive relief, the movant must establish the following: (1) actual success on the merits, (2) no adequate remedy at law, (3) that the threatened injury outweighs any damage to the Defendant, and (4) the injunction will not disservice the public interest. *DSC Comms. Corp. v. DGI Tech., Inc.,* 81 F.2d 597, 600 (5th Cir. 1996). The court may issue an injunction as part of a default judgment. *See Twist & Shout Music v. Longneck Xpress, N.P.*, 441 F. Supp. 2d 782, 785 (E.D. Tex. 2006); *Chevron Intellectual Property, L.L.C. v. Allen*, 2009 WL 2596610 at *3 (N.D. Tex. Aug. 24, 2009).

Here, the entry of default against Defendant is tantamount to actual success on the merits. *See, e.g., Twist & Shout Music*, 441 F. Supp. 2d at 785. Moreover, Plaintiff has no adequate

remedy at law. Despite Plaintiff's notification of Defendants, by letter and follow-up telephone call, Defendants have continued to distribute unauthorized software products which infringe Plaintiff's copyrights and trademarks. There is no indication that Defendants intend to stop distribution in the future. Additionally, it is not a burden to Defendants to follow the law and cease their unauthorized distribution of Plaintiff's copyrighted and trademarked software. Finally, the public interest is advanced by enforcing compliance with the laws of the United States. *See Playboy Enterprises, Inc. v. Webbworld, Inc.*, 991 F. Supp. 543, 561 (N.D. Tex. 1997). On balance, these factors all weigh in favoring of granting a permanent injunction against Defendants and preventing further illegal distributions of Plaintiff's software.

C.      Claim for Costs and Attorney Fees

Plaintiff requests the court to award its reasonable costs and attorney fees for this suit. 17 U.S.C. § 505 authorizes recovery of full costs and reasonable attorney fees in copyright cases; *see also* 15 U.S.C. § 1117(a) ("The court in exceptional cases may award reasonable attorney's fees to the prevailing party"; prevailing party is also entitled to recover costs). Plaintiff attached an affidavit stating that its costs were $570, and the court finds this amount reasonable.

Although the court has discretion whether to award attorney fees, "they are the rule rather than the exception and should be awarded routinely." *Micromanipulator Co. v. Bough*, 779 F.2d 255, 259 (5th Cir. 1985). The Fifth Circuit has provided twelve factors for the district court to consider when awarding statutorily authorized attorney fees:

> (1) The time and labor required, (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee [for similar work in the community], (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the

> results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Id.* (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 109 S. Ct. 939 (1989)). Plaintiff attached an affidavit stating that its attorney fees total $5,600. Analyzing Plaintiff's description of the time spent prosecuting this case in light of these factors, the court finds this amount reasonable.

### IV. Conclusion

The court therefore concludes that Defendants will be ordered to pay total damages in the amount of $976,170—$700,000 for infringement of Plaintiff's seven trademarks, $270,000 for infringement of Plaintiff's nine copyrights, $5,600 in attorneys' fees, and $570 in costs. Such infringement is deemed willful, although Plaintiff does not request a willfulness damages enhancement. The court will also enter judgment on Plaintiff's state and federal law unfair competition claims; separate damages were not requested on these claims. Final Judgment and Permanent Injunction—which will enjoin all eight trademarks, even though Plaintiff sought statutory damages for only seven of them—shall be entered by separate Order.

IT IS THEREFORE ORDERED that Plaintiff Microsoft Corp.'s Motion for Default Judgment [Doc. # 13] is GRANTED. Defendants Reich Cruz, an individual d/b/a The Computer Shop, a/k/a mycomputerlady.net; and Reich Cruz, an individual, are ordered to pay Plaintiff Microsoft Corp. damages in the amount of $970,000 for copyright and trademark infringement.

IT IS FURTHER ORDERED THAT Defendants Reich Cruz, an individual d/b/a The Computer Shop, a/k/a mycomputerlady.net; and Reich Cruz, an individual, pay Plaintiff Microsoft Corp. its reasonable costs and attorneys' fees in this suit of $6,170.

So **ORDERED** and **SIGNED** this **4** day of **February, 2010.**

_____
Ron Clark, United States District Judge